**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUY ALMA REAM,

Defendant-Appellant.

No. 11-4213
(D.C. No. 2:10-CR-00688-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Defendant Guy Alma Ream, appearing pro se, appeals his conviction for

threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B). The district

court sentenced Mr. Ream to an eight-month credit-for-time served sentence and

thirty-six months' probation. We exercise jurisdiction pursuant to 28 U.S.C. § 1291

and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Mr. Ream's conviction stems from his threatening conduct towards a postal clerk at a Salt Lake City post office. He asked the clerk for his mail but when she told him she could not find any mail for him, he began yelling at her. She looked in the back room, and when she again told Mr. Ream there was no mail for him, he yelled, shouted very offensive racial and sexual epithets at her, and ripped his shirt off. Another postal customer, Ms. Long, testified that Mr. Ream whipped his shirt at the postal worker, knocked a fan and calculator from the counter to the floor, and "screech[ed]" at the clerk, "I will kill you, you [explicatives deleted]." R. Vol. III, at 160. The postal clerk, who described Mr. Ream as "very, very angry," and "crazy," called for her supervisor, twice called 911, and, fearing he would jump over the counter and attack her, hid behind a wall in the back of the post office. *Id*. at 179. When the police arrived, Mr. Ream said he had not threatened anyone, but had only yelled, "you're dead" to the postal clerk. *Id*. at 256.

Mr. Ream was arrested and charged with disorderly conduct in Utah. After he spent four days in jail, the state charges were dismissed. A month later, a federal grand jury indicted Mr. Ream for threatening a federal official. The government filed a motion asking that Mr. Ream undergo a mental competency evaluation pursuant to 18 U.S.C. § 4241(a). The magistrate judge granted the motion after two hearings, and the district court affirmed the order. After the psychiatric evaluation, the district court ruled Mr. Ream was competent to stand trial.

Because Mr. Ream proceeds pro se in this appeal, we construe his arguments liberally, but do not assume the role of his advocate. *See United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012). His appellate brief is not entirely clear, but we discern the following issues on appeal: (1) The district court should have dismissed the indictment because (a) the federal charges violated the constitutional prohibition on double jeopardy because he spent time in jail on the initial state charges; (b) his name was misspelled on the original indictment; (c) his conduct at the post office was constitutionally protected free speech; and (d) the government obstructed justice by vindictively prosecuting him despite his double jeopardy and free speech rights; (2) he was detained prior to trial without just cause; (3) the government's motion that he undergo a competency evaluation was malicious and abusive, and the district court's grant of that motion was without legal basis; and (4) there was insufficient evidence to convict him because he had no intent to harm the clerk, nor did he have weapons or physical contact with the clerk, and only one witness testified that he threatened to kill the postal clerk, which was an "outright lie." Aplt. Br. at 5.

## II. Standards of Review

"[W]e review legal questions *de novo* but view the facts in the light most favorable to the government as the prevailing party." *United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir.), *cert. denied*, 132 S. Ct. 306 (2011). Mr. Ream rarely cites legal authority in support of his arguments or references where in the

record an issue was presented to the district court, as required by Tenth Circuit Rule 28.2(C)(2). Pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Thus, we confine our review to the extent that Mr. Ream has complied with applicable court rules. *See id*. ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

## III. Discussion

*Double Jeopardy*. Mr. Ream filed a motion to dismiss the indictment, alleging the federal charges violated the Double Jeopardy clause because of the time he spent in jail on the state charges. But the state charges were dismissed before any jury was empaneled. Thus, Utah's arrest and detention of Mr. Ream did not place him in jeopardy, which occurs "when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *United States v. Martin Linen Supply Co*., 430 U.S. 564, 569 (1977). Accordingly, no double jeopardy concerns were implicated by his federal prosecution and conviction, and the district court correctly denied all of Mr. Ream's motions asserting a double jeopardy claim. *See Serfass v. United States*, 420 U.S. 377, 393 (1975) ("[A]n accused must suffer jeopardy before he can suffer double jeopardy.").

*Amended Indictment*. Mr. Ream contends the indictment was impermissibly amended to correct the spelling of his name from "Reams" to "Ream." Although a

district court may not amend the substance of an indictment, it may make amendments to its form, such as correcting spelling and typographical errors. *See United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984). It is clear the amendment here was only as to form and did not prejudice Mr. Ream.

*First Amendment Claim.* Mr. Ream argues the district court should have dismissed the indictment because his statements and conduct at the post office were protected free speech under the First Amendment. He bases this on his assertion that he had no real intent or means to injure and had no physical contact with anyone.

Under the First Amendment, threatening expression can be criminally punished if the communication at issue is a "true threat," that is, if the "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003).

> [I]t is not necessary to show that the defendant intended to carry out the threat, nor is it necessary to prove that the defendant actually had the apparent ability to carry out the threat. The question is whether those who hear or read the threat reasonably consider that an actual threat has been made. It is the making of the threat, not the intention to carry it out, that violates the law.

*United States v. Martin*, 163 F.3d 1212, 1216 (10th Cir. 1998). It is also not necessary that a true threat be made directly to the proposed victim. *Id.* "Whether a statement constitutes a true threat under 18 U.S.C. § 115 represents a jury question to be reviewed in the light most favorable to the government." *Id.* Thus, the district

court properly denied Mr. Ream's motion to dismiss the indictment on First Amendment grounds and properly submitted this factual issue to the jury.

*Vindictive Prosecution*. Mr. Ream also argued in his motion to dismiss that the government's decision to seek a competency evaluation and to prosecute him was vindictive in light of his free speech and double jeopardy claims. We disagree. Although the government may not punish a defendant for exercising constitutional or statutory rights in the course of criminal proceedings, *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991), it may punish him for violating the law. *United States v. Carter*, 130 F.3d 1432, 1443 (10th Cir. 1997). The government had reasonable cause to question whether Mr. Ream was competent to stand trial, *see United States v. Cornejo-Sandoval*, 564 F.3d 1225, 1235 (10th Cir. 2009) ("extreme behavioral manifestations may, along with other factors, raise reasonable cause to doubt a defendant's competency"), as well as probable cause to believe he had threatened a federal officer.

*Pretrial Detention and Competency Evaluation*. Mr. Ream's claim that he should not have been detained prior to trial was mooted by his conviction. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (holding that claim to pretrial bail was moot once defendant was convicted); *United States v. Meyers*, 95 F.3d 1475, 1488 (10th Cir. 1996) (holding district court's failure to hold a timely pretrial release hearing was moot in light of defendant's subsequent conviction).

- 6 -

Similarly, Mr. Ream's claims that the district court erred in ordering a competency evaluation were also mooted by his conviction. *See United States v. Deters*, 143 F.3d 577, 581 (10th Cir. 1998) (holding that competency evaluation order is immediately appealable because the issue becomes moot upon conviction and sentence); *United States v. Weissberger*, 951 F.2d 392, 395-97 (D.C. Cir. 1991) ("If [the defendant] is declared competent and the trial proceeds, post-confinement review will provide no relief for the loss of liberty associated with the competency evaluation."). Accordingly, we lack jurisdiction to consider these two arguments.

*Sufficiency of the Evidence.* Mr. Ream argues the district court wrongfully denied his motion for a judgment of acquittal, because there was insufficient evidence for the jury to have found both that his statements constituted a true threat and that he threatened a federal officer in violation of 18 U.S.C. § 115(a)(a)(B). After viewing the evidence in the light most favorable to the government, we hold that a rational jury could have found Mr. Ream made a true threat against a federal officer in violation of § 115(a)(1)(B). *See United States v. Austin*, 231 F.3d 1278, 1283 (10th Cir. 2000) (court will reverse only "if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Mr. Ream admitted at trial that he was "angry and belligerent;" grabbed a fan and smacked it on the counter, smashing it; and tore his shirt in anger. R. Vol. III, at 273, 281. He denied making a "direct threat to kill," *id*. at 274, but admitted he used the word "dead," and told the postal clerk she was "a brain dead [explicative]." *Id*. at 282-83.

Ms. Long testified that Mr. Ream said, "I will kill you, you [explicatives deleted]." *Id*. at 160. And the two arresting officers testified Mr. Ream told them he had "yelled 'you're dead' to the clerk." *Id*. at 256. Mr. Ream asserts that Ms. Long's testimony was false, but we may not make credibility determinations for any reason in reviewing the sufficiency of the evidence. *See Austin*, 231 F.3d at 1283 (holding that court reviews "the trial record to determine if there is evidence to support the verdict" but does not "weigh the evidence or consider the credibility of the witnesses").

The judgment of the district court is affirmed. Mr. Ream's "[m]otion for acquittal by 'reverse integration'" is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge